UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael J. Murdock,  			Case No. 3:15-cv-1242

    Plaintiff

  v.					MEMORANDUM OPINION

CSX Transportation, Inc.,

    Defendant

This matter is before me on Plaintiff's motion for reconsideration of my March 29, 2017 decision dismissing this case. (Doc. No. 19). Also before me are the Defendant's opposition (Doc. No. 22), Plaintiff's reply (Doc. No. 23), and Defendant's supplemental authority (Doc. No. 24).

### I. MOTION FOR RECONSIDERATION STANDARD

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). But, if the motion is served after the ten-day requirement of Rule 59(e), some courts treat the motion as a 60(b) motion for relief from judgment. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264 (6th Cir. 1998). Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice."

*In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *In re Braun*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993).

## II. DISCUSSION

The issue previously addressed was whether the Plaintiff's off-duty personal illness fell outside the scope of the anti-retaliation provisions to the Federal Railway Safety Act under 42 U.S.C. § 20109(c). I determined there was not a cause of action under this subsection after conducting a statutory analysis and finding persuasive the reasoning of the Third Circuit's decision in *Port Auth. Trans-Hudson Corp. v. Sec'y, U.S. Dep't of Labor*, 776 F.3d 157 (3rd Cir. 2015). (Doc. No. 19 at pp. 3-7).

The Plaintiff's motion for reconsideration is a request for me to correct an allegedly clear error of law as it pertains to § 20109(c). Because the recent pronouncement by the Sixth Circuit on this precise issue, the Plaintiff's motion is without merit.

In *Grand Trunk Western Railroad Co. v. United States Dep't of Labor*, 875 F.3d 821 (6th Cir. Nov. 20, 2017), *cert. denied sub nom.*, *Williams v. Grand Trunk Western R. Co.*, __S.Ct.__, 2018 WL 1023094 (April 30, 2018), the Sixth Circuit considered whether an employee's unexcused absences, subject to his doctor's treatment plan but for a non-work related illness, constituted a protected activity under § 20109(c). The Court first conducted a statutory analysis and then considered the statute's legislative history. As a final matter, the Circuit also rejected the *Chevron* deference position advanced by the Board. In finding in favor of the petitioner railroad, the court noted, "we join every other federal court that has interpreted 49 U.S.C. § 20109(c) and reject the Board's reliance on *Russello*." *Id.* at 831.

As the Sixth Circuit has made a clear determination on this issue and that position is consistent with my earlier finding, the Plaintiff's motion for reconsideration is denied.

2

## III. Conclusion

For the reasons stated above, the Plaintiff's motion for reconsideration (Doc. No. 21) is denied.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge